## FUQUA v. STONE.

1. In declaring, in an action on an administration bond, or other official bond given to the Judge of the County Court, the condition must be set out and breaches assigned.
2. A verdict finding damages on a count, on the penalty only of a bond, there being no damages suggested on the roll, is erroneous.
3. The common law method of declaring on the penalty of the bond only, is not applicable to such cases.

G. D. STONE, Judge of the County Court of Franklin county, as successor in office of James Davis, brought an action of debt in the Circuit Court of said county, against Silas Fuqua, on an administration bond made by the defendant (and others as his securities) as administrator of Jacob Fuqua, payable to James Davis, Judge, &c. and his successors in office, in the penalty of $4000, conditioned that he should faithfully discharge the duties of said administration.

The declaration was filed by Stone, Judge of the County Court of Franklin, for the use of John W. Looney, guardian of Stokely Fuqua and Perrine Fuqua, and contained only one count on the penalty of the bond, without setting forth the condition. The defendant pleaded in abatement for a variance between the writ and declaration in this, that the writ was to answer unto Stone, the plaintiff; and that the declaration recited that the action was for the use of Looney, guardian, &c. who was not named in the writ; to which plea the plaintiff demurred. At October term, 1826, the Court sustained the demurrer, and gave leave to the defendant to plead over. The defendant then demurred to the declaration of the plaintiff, to which there was a joinder, and

JANUARY 1828.  this last demurrer was overruled. A jury was then sworn
to inquire of the damages, which they assessed at $2089
Fuqua       92½ cents, on which judgement was rendered for the plain-
v.          tiff as damages.
Stone.

Stone sued out his writ of error, and assigned in this
Court as causes for reversal, 1st. That the writ and dec-
laration are in debt, and the verdict and judgement in
damages. 2d. That there is no cause of action shewn
in the declaration. 3d. There is no assignment of a
breach or suggestion of damages of record. 4th. That
the writ is not to the use of any one, but the declaration
is to the use John W. Looney, guardian, &c. 5th. That
the Court sustained the demurrer of the plaintiff to the
plea in abatement of the defendant; and, 6th. That the
Court rendered judgement on the finding of the jury.

MARTIN and COALTER, for the plaintiff in error.

The action being debt, and for a sum certain, a reco-
very cannot be had in damages. .Here the writ and dec-
.laration claim a debt, and only one thousand dollars for
damages, but the jury find upwards of two thousand dol-
lars damages. The damages laid in the writ and decla-
ration, must correspond with the verdict; their finding is
not of the debt, but only of damages, and more cannot
*a* 1 Chitty's Pl. be recovered than are claimed. [a] The writ and declaration
399. 3 Hen. and
Munf. 502. 5 are variant: the writ is in the name of Stone alone,
Munf. 494. Har-
din's R. 93. and the declaration shews it to be for the use of other
*b* 5 Bac. 438. 1
Chitty's Pl. 415, persons. [b] The writ itself is also defective; in such cases
438.
*c* Laws Ala. 196, it must issue in the name of the party interested, or for
332. § 39. 341,
§ 13. his use, and it must be at his costs. [c]

It is necessary that the writ and declaration should
shew on what account the suit is brought, and what right
the Judge has to sue. It must also appear that the ad-
ministrator has been in some default before the parties can
be made liable on their bond; that the administrator had
*d* 19 John. R. 304, either been guilty of some maladministration, or that he
1 Maddox Chan.
209 1 Johnson's had been called upon and failed to answer; for he is not
Chan. R. 607. 1
Munf. 1. liable until called upon. [d] The action is on an administra-
*e* Lord Ray. 487.
2 Marshall 566. tion bond, and the administrator is liable only on a breach
4 Hen. & Munf.
277. of it, and yet no breach is assigned. [e]

KELLY and HUTCHINSON, for the defendant in error.

The action is well brought; we rely on the statute of
*f* Laws Ala. 464. 1811, [f] which provides, "that in all actions which shall
§ 24.
be brought upon any penal bond or bonds, for the pay-
ment of money, wherein the plaintiff shall recover, judge-

ment shall be entered for no more than the principal and interest due on said bond." The word *may*, used in the clause referred to by the plaintiff to prove the contrary, is not equivalent to the word *shall*, and consequently the party is not obliged to adopt the course contended for, but has an option.

An obligee may sue in his own name only in the writ, and declare for the use of another; and it is not error to do so, as the defendant cannot be prejudiced by it. If he is liable, it matters not to whom, so that he has a fair opportunity to defend on the merits.

The suggestion of damages under our statutes, is matter of form only, especially where the party has appeared and demurred to the action. The whole proceedings in this case shew that the action is brought on an administrator's bond, and no recovery could be had without a breach of the condition. An inquiry and proof of the actual amount of the defendant's liability must have been had, or nominal damages only could have been given. The defendant was present by counsel, and could as well investigate the extent of liability without the suggestion of damages on the roll as with it. If the proof did not warrant the finding, a new trial should have been asked for; if inadmissible testimony had been admitted, exception should have been taken. The actual extent of the defendant's liability was the resulting question on overruling the demurrer, without any further suggestion from either party.

JUDGE GAYLE delivered the opinion of the Court.

SOME of the assignments of error relate to defects in the writ, which cannot be noticed after a general demurrer to the declaration. The only assignments of error which are necessary to be considered, are the second and third; which are, that there is no cause of action shewn in the declaration, and there is no suggestion of damages on the roll which could authorize the verdict of the jury.

By a reference to the declaration only, the bond which is therein described is not authorized to be given by any statute whatever. It is a common money bond, given to the Judge of the County Court and his successors in office, by the defendant below and two others as his securities, and it is sued to the use of the guardian of Stokely Fuqua and Perrine Fuqua. It is the common law doc-

JANUARY 1828.

Fuqua
v.
Stone.

trine, that the plaintiff may declare for the penalty without setting out the conditions of a bond, which, being for the benefit of the defendant, he may avail himself of in his plea; and if he fail to do so, judgement will be entered for the penalty. A bond may be given by one person to another in any form, either with or without conditions; but bonds given to the Judges of the County Courts are always to compel the performance of particular duties, and must have a condition annexed. It follows then, that in all suits brought by the Judges of the County Courts on bonds given to them in their official capacity, the conditions should be set forth and breaches assigned. On this ground, therefore, the demurrer to the plaintiffs' declaration should have been sustained.

But if, after the demurrer was overruled, the plaintiff was desirous of recovering only the damages which had accrued to the guardian, by reason of the default and delinquency of the defendant as administrator, which seems to have been his object by reference to the endorsement on the writ, he should then have suggested damages on the roll so as to refer the matter legally to the jury.

The judgement must be reversed entirely, for the writ itself is defective in not shewing a good cause of action against the securities, who are not liable till a breach of condition of the bond by the administrator is shewn in the way pointed out by the statute.

Judgement reversed.

JUDGE WHITE not sitting.

NOTE. See the case of the Governor vs. Gantt et al. ante page 388.